UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM JAMES REESE,

     Petitioner,

v.                                  Case No: 5:20-cv-625-Oc-60PRL

WARDEN, FCC COLEMAN – LOW,

     Respondent.

 

## ORDER OF DISMISSAL

Petitioner initiated this civil action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). In the Petition, Petitioner alleges the sentencing court, when imposing his sentence, considered facts not found by the jury in contravention of the Sixth Amendment and the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), (Doc. 1 at 12).

*a. Background*

Petitioner is a federal inmate incarcerated at the Coleman Federal Correctional Complex. In February 2013, a jury in the Middle District of Alabama found Petitioner guilty of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and two counts of aiding and abetting the use of a communication facility (a cell phone) to facilitate the conspiracy. *See Reese v. United States*, No. 2:16-CV-410-WKW, 2019 WL 4621674, at *1 (M.D. Ala. Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 4621983, at *1 (M.D. Ala. Sept. 23,

2019). On June 4, 2013, the district court sentenced Petitioner to a cumulative 360-month term of incarceration (*see id.*). Petitioner sought a direct appeal and the Eleventh Circuit Court of Appeals issued an opinion affirming his convictions and sentences. *United States v. Reese*, 611 F. App'x 961 (11th Cir. 2015). Thereafter, the district court granted Petitioner's motion for a sentence reduction and reduced Petitioner's 360-month term to 292 months based on Amendment 782 to the Sentencing Guidelines. *See Reese*, 2019 WL 4621674, at *1 n.3. Petitioner filed with the sentencing court a motion under 28 U.S.C. § 2255 (*see id.* at *1) and the district court denied Petitioner's § 2255 motion on September 23, 2019 (*see Reese*, 2019 WL 4621983 at *1).

### b. Analysis

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. The Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017); *Bernard v. FCC Coleman Warden*, 686 F. App'x 730 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). None of those grounds are present in this case. *See, e.g., Allen v. Clay*, No. 1:16-cv-01794-RDP-JHE, 2017 WL 2443492, at *2 (N.D. Ala. June 6, 2017) (citing *McCarthan* and dismissing § 2241 petition raising *Apprendi* argument because § 2255 afforded the petitioner an adequate and

effective means to raise claim). Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this case is due to be dismissed. *See also* 28 U.S.C. § 2255(b).

Accordingly, it is

**ORDERED and ADJUDGED**:

The Petition for Writ of Habeas Corpus (Doc. 1) and this case are **DISMISSED**. The Clerk is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Tampa, Florida, this 6th day of January, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C:     William James Reese, #14026-002

3